# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND DIVISION

| | | |
|---|---|---|
| LINDA KANE, | § | |
|     Plaintiff; | § | |
| | § | |
| v. | § | Civil Action No. 7:19-cv-290 |
| | § | |
| HOME DEPOT U.S.A., INC. | § | |
| | § | |
| | § | |
|     Defendant. | § | |

## DEFENDANT HOME DEPOT U.S.A., INC.'S
## NOTICE OF REMOVAL AND BRIEF IN SUPPORT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes Defendant **HOME DEPOT U.S.A., INC.**[1] ("The Home Depot"), and files this Notice of Removal under 28 U.S.C. §§ 1332 and Brief in Support:

### I.
### STATEMENT OF GROUNDS FOR REMOVAL

1. Plaintiff filed this lawsuit in the District Court for the 70th Judicial District in Ector County, Texas in Cause No. A-19-11-1446-CV styled "*Linda Kane v. Home Depot U.S.A., Inc. d/b/a The Home Depot and The Home Depot*" A true and correct copy of the Original Petition is attached as Exhibit "A-2."

2. Plaintiff sued The Home Depot alleging negligence arising out of a workplace injury suffered by Plaintiff while employed by The Home Depot.

3. The Home Depot was served on November 16, 2019, and files this Removal within 30 days after the receipt of the Original Petition, as required by 28 U.S.C. 1446(b)(1).

---

[1] Plaintiff incorrectly named three Defendants in this action as "Home Depot U.S.A., Inc. Ind. And d/b/a The Home Depot and The Home Depot." The proper name of the sole Defendant is "Home Depot U.S.A., Inc."

Prior to removal, Home Depot filed its Answer on December 4, 2019, in the state court action, a true and correct copy of which is attached hereto as Exhibit "A-4."

4. The state court action is one over which this Court has original jurisdiction under the provisions of 28 USC § 1332 and may be removed to this Court pursuant 28 USC § 1332 because there is complete diversity between the parties. 28 USC § 1332(a); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899-900 (9th Cir. 2006). Additionally, the amount in controversy exceeds $75,000, excluding interest and costs. 28 USC § 1332(a); *Andrews v. E.I. du Pont de Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006).

5. The Home Depot denies Plaintiff's claims, and has asserted a special exception to the Original Petition on the grounds that it fails to set forth enough factual details from which The Home Depot can ascertain what conduct was allegedly negligent.

6. As required by 28 U.S.C. § 1446(a), true and correct copies of the following documents are being filed with this Notice of Removal and are incorporated herein at length:

| **Exhibit:** | **Description of Exhibit:** |
|---|---|
| **Exhibit "A"** | **Index of Pleadings;** |
| **Exhibit "A-1"** | **State Court Docket Sheet;** |
| **Exhibit "A-2"** | **Plaintiff's Original Petition;** |
| **Exhibit "A-3"** | **Citation for Defendant Home Depot U.S.A., Inc.;** |
| **Exhibit "A-4"** | **Defendant Home Depot U.S.A., Inc.'s Original Answer;** |
| **Exhibit "A-5"** | **Notice of Filing of Notice of Removal (to be filed after this Notice of Removal is filed).** |

## II.
### DIVERSITY OF CITIZENSHIP

7. Plaintiff is an individual residing in and a citizen of Ector County, Texas. Ex. "A-2," Petition at 1.

8. Defendant The Home Depot is a foreign corporation[2] with its principal place of business in Fulton County, Georgia and is a citizen of the State of Georgia.[3]

9. Plaintiff is a citizen of Texas; The Home Depot is a citizen of Georgia. Thus, complete diversity of citizenship has existed among the parties both at the time of the initial filing of the State Court Action and at the time of filing this removal.[4] Removal is proper. 28 USC §1332(a).

### III.
### AMOUNT IN CONTROVERSY

10. The Home Depot would show that the Court has diversity jurisdiction over this matter as there is complete diversity of citizenship between the parties and the monetary relief sought by Plaintiff exceeds the minimum jurisdictional amount of $75,000.

11. Plaintiff alleges in her Original Petition that she seeks monetary damages over $200,000, but not more than $1,000,000. Ex. A-2, Petition at 3.

12. Plaintiff seeks damages for past and future medical expenses, past and future pain and suffering, past and future mental anguish, past and future physical impairment and disfigurement, and lost earnings. *Id*.

### IV.
### PROCEDURAL REQUIREMENTS FOR REMOVAL

13. Pursuant to 28 U.S.C. §§ 1441 and 1446, this Notice of Removal is timely, it being filed no more than thirty (30) days after service.

---

[2] Ex. "A-2," Petition ¶ 3.

[3] Defendant is incorporated in Delaware, with its principal place of business in Atlanta, Georgia.

[4] *See* FN 1 and 2, *supra*.

14. The United States District Court for the Western District of Texas encompasses Ector County, the county in which the State Court Proceeding is now pending. Therefore, venue in this Court is proper pursuant to 28 U.S.C. § 1441(a).

15. There are no other proper defendants to this action.

16. In accordance with 28 U.S.C. § 1446(a), filed herewith as Exhibits "A-1 through A-4" are copies of all process and pleadings from the state court proceedings.

17. Promptly after notice of this removal is filed, written notice hereof will be given to Plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of Court for the 70th Judicial District Court for Ector County, Texas, to effect the removal of the civil action to this Honorable Court as provided by law. The Notice of Filing of Notice of Removal to be filed in the State Court Proceeding is attached hereto as Exhibit "A-5."

18. Home Depot specifically reserves the right to amend or supplement this Notice of Removal.

19. By virtue of this removal, Defendant does not waive its rights to assert any jurisdictional defenses or other defenses or motions, including motions pursuant to Rules 9 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Defendant HOME DEPOT U.S.A., INC. prays the Court remove the case styled "*Linda Kane v. Home Depot U.S.A., Inc. d/b/a The Home Depot and The Home Depot*" bearing Cause No. A-19-11-1446-CV, pending in the District Court for the 70th Judicial District of Ector County, Texas, to the United States District Court, Western District of Texas, Midland Division, and for such other and further relief to which it is entitled.

                                    Respectfully Submitted,

                                    MULLIN HOARD & BROWN, L.L.P.

Chad L. Farrar, SBN 00793716
C. Brett Stecklein, SBN 00794688
Katie P. Harrison, SBN 24062767
2515 McKinney Ave., Suite 900
Dallas, Texas 75201
Telephone:     (214) 754-0040
Facsimile:     (214) 754-0043

    /s/ Chad L. Farrar
By: Chad L. Farrar

*Attorneys for Defendant Home Depot U.S.A., Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 16th day of December, 2019, a true and correct copy of the foregoing was served by fax and ECF to:

**Via Facsimile (432) 362-4626 and**
**Via ECF**
Kevin B. Miller
Mark A. Cevallos
Matthew Olivarez
LAW OFFICES OF MILLER & BICKLEIN
519 Golder Ave.
Odessa, Texas 79761
*Attorneys for Plaintiff*

    /s/ Chad L. Farrar
Chad L. Farrar